**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Berkshire Hathaway Specialty Insurance Company, | No. CV-16-01083-PHX-JAT |
| Plaintiff, | **ORDER GRANTING DEFENDANT CITY OF PHOENIX'S MOTION TO DISMISS** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

Pending before the Court is Defendant City of Phoenix's Motion to Dismiss Plaintiff's complaint (Doc. 31) and Motions to Dismiss Crossclaims by various Defendants (Docs. 66, 77) and Defendants TIG Insurance and North River Insurance Company's Motion to Dismiss Plaintiff's complaint (Doc. 53) and Motions to Dismiss Crossclaims by various defendants (Docs. 70, 71). The Court now rules on the motions.

## I.     Background[1]

Plaintiff Berkshire Hathaway, formerly known as Stonewall Insurance Company, issued two insurance policies to the City, both effective from July 1, 1976 through July 1, 1977. Policy 13556 is an umbrella policy providing $300,000 of coverage for net losses

---

[1] When ruling on a motion under Federal Rule of Civil Procedure 12(b)(1), the Court must accept the allegations in the Complaint as true and draw all reasonable inferences from the facts in favor of the non-moving party. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *see also infra* n.2.

exceeding a self-insured retention of $300,000. (Doc. 1 at 2) Policy 13710 is an excess policy providing $2,750,000 of coverage for net losses exceeding a self-insured retention of $1,000,000. (*Id.*) Under the terms of both policies, the City is required to exhaust all applicable underlying insurance coverage before coverage may be triggered under Plaintiff's policies. (Doc. 1 at 10)

### A.    The Tarazon Action

In 2013, the City was named as a defendant in a lawsuit filed by Carlos Tarazon and his wife, Soledad Tarazon ("the Tarazon action"). The suit alleged the City was liable for injuries Mr. Tarazon developed through exposure to asbestos while he was employed by the City. The City ultimately settled the Tarazon action for $500,000 without Plaintiff's knowledge or consent. (Doc. 1 at 11)

During the course of the Tarazon action, the City demanded coverage from Plaintiff under both Policy 13556 and Policy 13710. (Doc. 1 at 7, 24) In response to the City's demands, Plaintiff requested additional information with which to evaluate the claim and establish whether the City had met its self-insured retention under Policy 13556. Plaintiff also requested documentation showing the likelihood that the City's coverage from its additional underlying insurance policies was or was likely to be exhausted. (Doc. 1 at 10) The City responded to Plaintiff, but did not provide Plaintiff with all of the requested documentation or adequate information for Plaintiff to make a determination regarding the availability of coverage.

After the settlement, the City filed suit in state court demanding coverage from four of its insurance carriers, not including Plaintiff: First State Insurance Company, Twin City Fire Insurance Company, New England Reinsurance Company, and the Nutmeg Insurance Company (collectively, "the Hartford insurers"). (*See* Doc. 94) The case was removed to federal court wherein the Honorable Judge Neil V. Wake entered judgment against the City. *City of Phoenix v. First State Ins. Co., et al.*, No. CV-15-00511, 2016 WL 4591906 (D. Ariz. Sept. 2, 2016) ("the Hartford case"). The Court held that, under the terms of the excess and umbrella policies, the Hartford insurers had no

duty to indemnify the City because the settlement amount was less than the City's self-insured retention limits. *Id.* Although the City is appealing the ruling in the Hartford case, it has not filed suit against Plaintiff seeking coverage for its liability in the Tarazon action.

**B.      The Herrera Action**

In May 2015, the City was named as a defendant in a second asbestos injury suit filed against it in state court. (Doc. 1 at 13) That action alleges that the City is liable for the injuries and death of Francisco Herrera, who was allegedly exposed to asbestos while he was employed by the City. This action is still pending in Maricopa County Superior Court as *Francisco Herrera, et al. v. Certainteed Corp., et al.*, Cause No. CV2014-009632 ("the Herrera action").

After it learned of the Herrera action, the City again demanded coverage from Plaintiff under Policy 13556 and 13710. (Doc. 1 at 13) Plaintiff responded with a formal request for additional information from the City. The City did not respond to Plaintiff's request, and has taken no further action in seeking coverage from Plaintiff relating to the Herrera action.

**C.      Procedural History**

On April 18, 2016, Plaintiff filed a Complaint in this Court, naming the City and several of the City's insurers as defendants. The Complaint alleges six claims for relief seeking declaratory judgments that: (1) the City breached its duty to cooperate with Plaintiff such that Plaintiff has no duty to indemnify, (2) the City breached its duty to inform Plaintiff of ongoing settlement negotiations such that Plaintiff has no duty to indemnify, (3) the Tarazon and Herrera actions constitute "separate occurrences" requiring the exhaustion of two self-insured retentions before the City's policies are triggered, (4) the City's decision to seek coverage from the Hartford precludes it from seeking coverage under its Berkshire policies until its Hartford coverage is exhausted, (5) any coverage available to the City under its Berkshire policies should be allocated pro

rata among all relevant insurers, and (6) Berkshire is entitled to reimbursement of any excess payments it may make in excess of its pro rata share of liability.

The City responded with a motion to dismiss under Federal Rule of Civil Procedure 12(b) (without specifying which subsection), arguing Plaintiff has not shown that this Court should exercise its discretion to decide these claims under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

## II.   Legal Standard

The City argues argues the facts alleged in the Complaint do not support concluding that the Court should exercise its discretionary jurisdiction under the Declaratory Judgment Act. *See Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942) (outlining factors for the District Court to weigh before granting declaratory relief). (Doc. 31 at 5–7). But before this Court can determine whether it should exercise jurisdiction over Plaintiff's claims for declaratory relief, it must first determine that it has subject-matter jurisdiction over the claims. *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005); *American States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994); *see also Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir. 2011) (explaining that the Court may sua sponte examine jurisdictional issues). Accordingly, this Court will consider the City's motion under Rule 12(b)(1) and determine whether the allegations therein are "insufficient on their face to invoke federal jurisdiction." *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).[2]

The inquiry for determining whether subject-matter jurisdiction exists under the Declaratory Judgment Act is "identical to Article III's constitutional case or controversy requirement." *Kearns*, 15 F.3d at 143. A case is ripe for review when an actual controversy exists, meaning "the facts alleged, under all the circumstances, show that there is a substantial controversy . . . of sufficient immediacy and realty to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S.

_____

[2] Because the City does not challenge the truth of the facts alleged within the Complaint, the Court treats the City's motion as a facial, rather than a factual, attack under Rule 12(b)(1). *See Safe Air for Everyone*, 373 F.3d at 1039.

270, 273 (1941). If a claim "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all," it is not ripe for this Court's consideration. *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation omitted); *see also Golden v. Zwickler*, 394 U.S. 103, 108 (1969) (explaining that the prohibition against issuing advisory opinions is "as true of declaratory judgment as any other field").

**III.   Analysis**

### A.   The Tarazon Action and the Hartford Case

First, the Court considers whether Plaintiff's claims represent an actual controversy as they relate to the Tarazon action. When a claim is made involving an excess insurance policy, the fact that liability under that policy is still contingent does not necessarily preclude this Court's jurisdiction over it. *See Associated Indem. Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32, 35 (2d Cir. 1992). But jurisdiction is only appropriate if the occurrence of the contingency triggering the coverage is a "practical likelihood." *Century Indem. Co. v. Marine Grp., LLC*, 848 F.Supp.2d 1229, 1235 (D. Oregon 2012) (citing *Associated Indem*, 961 F.2d at 35).

Given the disposition of the Tarazon and Hartford cases, the Court finds no practical likelihood of the occurrence of a coverage-triggering contingency. In the Hartford case, Judge Wake held the City was not entitled to coverage from its Hartford insurers because the Tarazon action's $500,000 settlement did not exceed the City's self-insured retention limits. *City of Phoenix v. First State Ins. Co., et al.*, 2016 WL 4591906 at *8. Judge Wake further held the Hartford insurers had not incurred a duty to defend the City and were not liable for any of the City's more than $1,400,000 in defense costs. *Id.* at *14. In addition, the Court explained that under Arizona law, any obligations for either liability or defense costs should be allocated pro rata over the applicable policy periods; in other words, if an insurance policy was effective for one of the twenty-six years in question during the suit, the maximum liability that may be deemed coverable under that policy is one twenty-sixth of the total settlement amount. *Id.* at *11–12 (explaining that

pro rata allocation is appropriate in light of the law, policy language, and "the City's reasonable expectations").

Considering Plaintiff's excess policies in light of Judge Wake's Hartford decision, there is little probability that Plaintiff will be liable to the City for claims related to the Tarazon action. Plaintiff's excess policy has a retention limit of $300,000. Its umbrella policy limit is $1,250,000. But its coverage was effective for only one of the twenty-six years in question in the Tarazon action: July 1, 1976 through July 1, 1977. Even if the Court were to assume the City is entitled to coverage for both the settlement amount and the total amount of defense costs, the most the City would reasonably be able to claim from Plaintiff is one-twenty sixth of that amount — less than $80,000. Because this amount is well below the $300,000 self-insured retention limit, it is unlikely that the City will choose to file suit seeking coverage from Plaintiff. Accordingly, the Court cannot conclude that the contingency required to trigger coverage under Plaintiff's policies is a practical likelihood; Plaintiff's claims as they relate to the Tarazon action are therefore unripe and not entitled to declaratory judgment regarding whether the City breached a duty to Plaintiff.

### B. The Herrera Action and Future Suits

Plaintiff also seeks a determination of its obligations as they relate to the Herrera action or to "any suits brought against Phoenix that may be pending or that may be brought in the future." But the Herrera action is still pending decision from the Arizona Superior Court, and no other potential claimant has yet filed suit against the City. Accordingly, Plaintiff's claims are entirely dependent upon unknown outcomes, namely: (1) the outcome of the Herrera case against the City and other insurers, and (2) the possibility that another defendant exists and will file a similar suit against the City. Under these circumstances, Plaintiff's claims for declaratory relief are not ripe.[3]

---

[3] For the same reasons, Plaintiff's request for declaratory judgment regarding whether the Tarazon action and Herrera action constitute "separate occurrences" for the purposes of determining coverage are not ripe for determination. (*See* Doc. 1 at 16–17).

Plaintiffs argue that, notwithstanding the lack of a substantive adjudication on the merits, the Court is capable of determining the obligations of all insurers based on the policy language and controlling law. The Court also notes Plaintiff's argument that a declaratory judgment in this action is desirable in terms of judicial efficiency and economy. But the value of an early ruling in this case, even if such a ruling possible, is undermined by the potential for an appeal: even if this Court were to issue an immediate determination of the rights and obligations of each party, such a determination may not be "final" for quite some time. Accordingly, the interest of judicial economy would be better served by waiting until there is a concrete set of facts from which this Court can make a determination as to the actual, rather than hypothetical, obligations of each insurer. Moreover, if the Herrera action ends in a determination that there is no liability on the part of the City of Phoenix, any determination made by this Court regarding the liability of the insurers would be rendered moot and the judicial resources undertaken to make such a determination would be put to waste.

As the Court noted during oral argument, it also recognizes that an anticipatory declaration of rights may be helpful to the insurers for the purpose of settlement negotiations in the Herrera action and other potential cases. But even without a declaratory judgment from this Court, Plaintiff and other insurers are still capable of determining an amount representing their aggregate potential settlement. The insurers could further agree that any such amount is subject to readjustment and reapportionment in accordance with a judicial determination. In other words, an immediate determination from this Court would not make the parties appreciably more capable of entering into a favorable settlement agreement.

Because a determination of the rights and obligations of Plaintiff would be purely advisory, and because other considerations make the issues presented in the complaint inappropriate for decision at this time, this Court declines to accept jurisdiction over the complaint. *See See Principal Life Ins. Co.*, 394 F.3d at 669 ("If a case is not ripe for

review, then there is no case or controversy, and the court lacks subject-matter jurisdiction").

### C.   Contribution from Other Insurers

Finally, the Court considers whether Plaintiff's claims for pro rata apportionment of liability and equitable contribution from the City's other insurers represent an actual controversy. Plaintiff asks this Court to determine the appropriate apportionment of liability in the hypothetical event that it and one or more other insurers are required to provide coverage under the terms of any number of policies. But no insurer named in this suit has been required to pay indemnity regarding the claims in the Tarazon action; indeed, there has been a determination that the Hartford Insurers are not required to do so. And no liability has yet been attributed to the City in the Herrera action. Accordingly, these claims do not represent a ripe justiciable controversy. *See Travelers Indem. Co. v. Standard Accident Ins. Co.*, 329 F.2d 329, 332 (7th Cir. 1964) (plaintiff insurer's request for declaration that other insurance company would be liable, "before judgment [had] been reached in the [underlying] action," was "purely speculative and therefore not proper for decision in this declaratory judgment").

### IV.   Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendant City of Phoenix's Motion to Dismiss (Doc. 31) is granted. Defendant North River Insurance and TIG Insurance's Motion to Dismiss (Doc. 53) is also granted. Plaintiff's action is dismissed without prejudice as unripe, and the Clerk of the Court shall enter judgment accordingly, including all counterclaims and crossclaims addressed below.

**IT IS FURTHER ORDERED** denying all other pending motions (Docs. 66, 70, 71, and 77) as moot.

**IT IS FURTHER ORDERED** that Cross Claimants First State Insurance Company, Twin City Fire Insurance Company, New England Reinsurance Corporation, and Nutmeg Insurance Company's counter-claims against Plaintiff and cross-claims

against the City, Pacific Indemnity Company, Century Indemnity Company, TIG Insurance Company, North River Insurance Company, and Travelers Casualty and Surety Company (Doc. 48) are dismissed without prejudice as not ripe; Cross Claimant Traveler's Casualty and Surety Company's counter-claims against Plaintiff and cross-claims against the City, Twin City Fire Insurance Company, New England Reinsurance Corporation, Pacific Indemnity Company, TIG Insurance Company, North River Insurance Company, Nutmeg Insurance Company, Century Indemnity Company, First State Insurance Company (Doc. 59) are dismissed without prejudice as not ripe.

Dated this 8th day of November, 2016.

_James A. Teilborg_
Senior United States District Judge